# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WILLIE HICKS, *et al.*, : | |
| : | |
| Plaintiffs, : | Case No. 1:22-cv-01587 |
| : | |
| v. : | Judge Solomon Oliver Jr. |
| : | |
| OHIO ATTORNEY GENERAL, : | |
| DAVE YOST, *et al.*, : | |
| : | |
| Defendants. : | |

## DEFENDANTS OHIO ATTORNEY GENERAL DAVE YOST AND OPOTA EXECUTIVE DIRECTOR DWIGHT HOLCOMB'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

**I.     INTRODUCTION**

The claims against Defendants Ohio Attorney General Dave Yost and Ohio Peace Officer Training Academy Executive Director Dwight Holcomb (collectively, the "State Defendants") should be dismissed because the Eleventh Amendment bars all claims brought against the State Defendants.  Nothing in Plaintiffs' Brief in Opposition changes this.  *See* Doc. 9 at PageID 191-192.  Further, Eleventh Amendment immunity notwithstanding, Plaintiffs fail to state any claim upon which relief can be granted because the State Defendants did not cause Plaintiffs' injuries. Therefore, the State Defendants respectfully ask that their motion to dismiss be granted.

**II.    ARGUMENT**

All claims brought against the State Defendants are barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).  As both the Attorney General and Director Holcomb are state officials, any claims against them are against the State, which is entitled

to immunity. *Id.* Moreover, none of the applicable exceptions to immunity are present. *See* State Defendants' Motion to Dismiss, Doc. 7 at PageID 169. And, Plaintiffs do not even attempt to make any legal argument to the contrary. *See* Brief in Opposition, Doc. 9 at PageID 191-192. In their Brief, Plaintiffs simply state that "declaratory, injunctive, and other prospective relief under *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908) is appropriate." *Id.* at PageID 192-193. Nothing more. Plaintiffs do not offer any other legal authority, nor do they address the State Defendants' argument explaining that *Ex parte Young* does not apply here. *See* State Defendants' Motion to Dismiss, Doc. 7 at PageID 176-181.

Rather, Plaintiffs attempt to fabricate proximate causation between their injuries and the State Defendants' alleged inaction with respect to local police officer training. *See generally* Amended Complaint, Doc. 4 at PageID 79; Brief in Opposition, Doc. 9. Plaintiffs allege constitutional injuries resulting from being "assaulted, kidnapped, beaten and shot *by police officers*" – but they do not, and cannot, allege that the State Defendants assaulted, kidnapped, beat, or shot them. Brief in Opposition, Doc. 9 at PageID 192 (emphasis added); *see generally* Amended Complaint, Doc. 4. Instead, Plaintiffs argue that the State Defendants' "failure to make sure that Ohio police officers are trained correctly is the proximate cause, actual cause and moving force behind the constitutional violations complained of in this complaint[;]" and, "[b]ut for the failure of Defendants to properly supervise the training requirements, and issue cease function letters, the officers who violated the rights of these plaintiffs would never have been on the street to harm them." Brief in Opposition, Doc. 9 at PageID 191. Even if Eleventh Amendment Immunity did not bar Plaintiffs' claims, which it does, these claims against the State Defendants are legal conclusions that this Court need not accept as true. *See Alshaibani v. Litton Loan Servicing, LP*, 528 F. App'x 462, 463-464 (6th Cir. 2013). And to survive dismissal for failure to state a claim,

2

Fed. R. Civ. P. 12(b)(6) requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and asks for "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Naked assertions devoid of further factual enhancement" and "mere conclusory statements, do not suffice." *Id*. (internal quotation marks omitted).

Moreover, Plaintiffs do not allege that the State Defendants are personally at fault for their injuries. *See generally* Amended Complaint, Doc. 4. Rather, those allegations are directed at the police officers that arrested and/or shot them. *See id.* at PageID 84-89. This is fatal to their claims, as a defendant must be personally responsible for a plaintiff's injuries under 42 U.S.C. § 1983. *See Whyde v. Sigsworth*, No. 3:19 CV 683, 2022 U.S. Dist. LEXIS 176556, at *32 (N.D.Ohio Sep. 28, 2022) (citing *Iqbal*, 556 U.S. at 676) (finding that a § 1983 plaintiff "must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution."). Finally, there is no liability under § 1983 actions for the "mere failure to act," upon which they rely. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Because Plaintiffs fail to articulate how the State Defendants' actions directly caused their injuries, they fail to state a claim upon which relief can be granted.

### III. CONCLUSION

For the foregoing reasons and the reasons stated in their Motion to Dismiss (Doc. 7), Attorney General Dave Yost and OPOTA Executive Director Dwight Holcomb respectfully ask this Court to dismiss all of Plaintiffs' claims against them.

    Respectfully submitted,

    DAVE YOST
    Ohio Attorney General

*/s/ Iris L. Jin*
IRIS L. JIN (0092561)\*
\**Lead Trial Attorney*
MICHAEL A. WALTON (0092201)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Iris.Jin@OhioAGO.gov
Michael.Walton@OhioAGO.gov

*Counsel for Defendants*
*Ohio Attorney General Dave Yost and*
*OPOTA Executive Director Dwight Holcomb*

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify that this case has not been assigned to a track, and the attached memorandum in support complies with the page limitations set forth in Local Rule 7.1.

*/s/ Iris L. Jin*
IRIS L. JIN (0092561)
Assistant Attorney General

### CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties have access to this filing through the Court's system.

*/s/ Iris L. Jin*
IRIS L. JIN (0092561)
Assistant Attorney General